IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,       )
                                )
        Plaintiff,              )
                                )
vs.                             )        No. CR-06-34-C
                                )
JUSTIN BRUNER and               )
PAUL VOYLES, JR.,               )
                                )
        Defendants.             )

MEMORANDUM OPINION AND ORDER

Defendant Bruner has timely filed a motion for a judgment of acquittal or for a new trial.  The government has responded in opposition to the motion, and this matter is now at issue.

Along with his co-defendant Voyles, Defendant was convicted by a jury on July 23, 2007, on four counts of criminal mail fraud ("Counts 4-7").  The jury was unable to reach a verdict on three counts charging Defendant alone with making false statements on an income tax return ("Counts 11-13").  (See Dkt. No. 78.)  Defendant now requests that the Court set aside the guilty verdict and enter an acquittal on Counts 4-7, or in the alternative he asks the Court to vacate the judgment and grant him a new trial.  (See Def.'s Mot., Dkt. No. 80.)[1]

_____

[1]  In his motion, Defendant also requests an acquittal on Counts 11-13.  The government, however, stated in its response that it intends to dismiss those counts and is presently securing approval to do so.  Therefore the Court will not address Defendant's request as to Counts 11-13 at this time.

## I.  DISCUSSION

*A.  Rule 29 Motion for a Judgment of Acquittal*

Defendant argues that the government's evidence was insufficient to sustain a conviction on all four counts of mail fraud.  Under Fed. R. Crim. P. 29(c)(1), a defendant may move for a judgment of acquittal within seven days after a guilty verdict.  If the evidence is insufficient to sustain a conviction, the Court may set aside the guilty verdict returned by the jury and enter an acquittal.  Fed. R. Crim. P. 29(c)(2).  The Court must consider the sufficiency of the evidence in the light most favorable to the government and determine "whether any rational trier of fact could have found, from the direct and circumstantial evidence presented to it, together with the reasonable inferences therefrom, the essential elements of the crime beyond a reasonable doubt."  United States v. McIntosh, 124 F.3d 1330, 1334 (10th Cir. 1997). In other words, the Court must defer to the jury's finding "unless no reasonable juror could have reached the disputed verdict."  United States v. Carter, 130 F.3d 1432, 1439 (10th Cir. 1997).  The evidence must support the conviction beyond raising "a mere suspicion of guilt," but "it need not conclusively exclude every other reasonable hypothesis[,] and it need not negate all possibilities except guilt."  United States v. Vallejos, 421 F.3d 1119, 1122 (10th Cir. 2005) (internal quotation marks omitted).

The mail fraud counts alleged that Defendant knowingly used the mails in carrying out a scheme to obtain money or property by means of false or fraudulent pretenses, representations, or promises.  Specifically, Defendant, as president and part owner of Fairway Employment Services, Inc. ("Fairway"), an employment services company, was

2

charged with having billed client companies for workers' compensation insurance that Fairway was not providing.  In support of his motion for acquittal, Defendant argues that his evidence and testimony showed that his co-defendant Voyles was responsible for the insurance portion of Fairway's business and that he reasonably relied upon his co-defendant's expertise in those matters.  Additionally, Defendant refers to the testimony of another Fairway employee who likewise believed that co-defendant Voyles was in charge of the insurance part of their business.  (See Def.'s Mot. at 3-4.)[2]

The government rightfully points out that the standard is not whether Defendant's evidence, if the jury had accepted it as true, would entitle him to acquittal; the Court instead must examine whether all of the evidence, viewed in the light most favorable to the government, establishes the elements of the crime.  United States v. Rangel-Arreola, 991 F.2d 1519, 1521 (10th Cir. 1993); (Gov't's Resp., Dkt. No. 81, at 4).  Defendant essentially argues that because his testimony and other evidence indicated that his co-defendant was in charge of the insurance aspects of Fairway and that Defendant relied on his co-defendant's

---

[2] Defendant appears to also rely upon statements made by the Court during bench conference at the trial in support of his motion for acquittal and his motion for a new trial.  (See Def.'s Mot. at 4, 5 ("[D]uring bench conference, the Court noted that the evidence submitted indicated that Mr. Voyles was in charge of the insurance aspects of the business. . . . [T]he Court acknowledged during bench conference . . . that the evidence presented clearly indicated Mr. Voyles was the insurance expert, and that he was the responsible party for Fairway's insurance.").)  Defendant provides no support for his proposition, and the Court is unable to locate any, that such statements could render the evidence insufficient for a reasonable jury – not privy to the bench conference – to find the essential elements of the crime beyond a reasonable doubt.  Likewise, Defendant has not demonstrated how the Court's acknowledgment of his co-defendant's insurance expertise and responsibilities during bench conference necessitates vacating the judgment and granting Defendant a new trial.

expertise in that regard, he should be granted an acquittal on the mail fraud charges.  When the Court is determining the sufficiency of the evidence under Fed. R. Crim. P. 29, however, it remains within the province of the jury to determine credibility and to find the facts.  The Court is not permitted to gauge witnesses' credibility or to weigh conflicting evidence. United States v. Vallo, 238 F.3d 1242, 1247 (10th Cir. 2001).  Defendant's argument that his testimony and evidence, if believed, would support an acquittal does not demonstrate that the evidence, taken as a whole and in the light most favorable to the government, was insufficient for a rational trier of fact to find beyond a reasonable doubt that Defendant was guilty of each of the four counts.

*B.  Rule 33(a) Motion for a New Trial*

Defendant alternatively seeks that the Court vacate the judgment and grant Defendant a new trial on the mail fraud counts.  The Court has discretion to do this upon Defendant's motion "if the interest of justice so requires."  Fed. R. Crim. P. 33(a).

> The standards for granting a new trial are not as strict as the standards for granting judgment of acquittal. . . .  [In addition to granting a new trial "if the interest of justice so requires" under Rule 33], any error that would require reversal on appeal is a sufficient basis for granting a new trial.  However, the court disfavors new trials and exercises great caution in granting them.  The burden of demonstrating prejudicial error is on the defendant, and new trials should not be granted if a defendant's substantial rights have not been affected. The court may weigh the evidence and consider the credibility of witnesses, but it may not reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable.

United States v. Yoakam, 168 F.R.D. 41, 44 (D. Kan. 1996) (citations and internal quotation marks omitted).  The Court is proscribed from granting a new trial except "in exceptional

cases in which the evidence preponderates heavily against the verdict." United States v. Evans, 42 F.3d 586, 593 (10th Cir. 1994) (internal quotation marks omitted).

Defendant has not carried his burden of showing that his substantial rights were affected or that a new trial is necessary.  As explained above, Defendant had the opportunity to present his testimony and evidence regarding his innocence to the jury, but his arguments were countered by the government's evidence and exhibits indicating Defendant's guilt. (See Gov't's Resp. at 2-4.)  Defendant's only other argument in support of a new trial is that the Court erred in declining to give the jury a requested instruction regarding the reasonable expectations of an insured being honored in reviewing and construing insurance contracts. The jury instructions as a whole, however, clearly informed the jury as to the elements of the mail fraud charge, the specific intent required, the requirements for acting "knowingly," and the complete defense of good faith reliance.  (See Dkt. No. 20.)  The Court has discretion to refuse a particular jury instruction even if it accurately states the law.  United States v. Peña, 930 F.2d 1486, 1492 (10th Cir. 1991).  The sufficiency of the instructions is determined by viewing them as a whole, and the Court satisfies its duty by giving instructions which "sufficiently cover the issues in the case and focus on the facts presented by the evidence." Id.; cf. United States v. Natel, 812 F.2d 937, 942 (5th Cir. 1987) ("A trial judge is afforded broad discretion in formulating jury instructions, and the refusal to adopt a defendant's proposed instruction warrants reversal only where the charge, considered as a whole, does not accurately reflect the issues, law, and defenses of the case.").  Defendant's contentions that his testimony and evidence demonstrate his innocence and that he should have received

his requested jury instruction do not demonstrate that the jury's verdict violates the interest of justice or constitutes prejudicial error such that a new trial is required.

## II. CONCLUSION

Defendant has failed to demonstrate that the evidence was insufficient to sustain his conviction.  Additionally, Defendant has failed to show that the interest of justice requires the Court to grant Defendant a new trial.  Based upon the foregoing, Defendant's motion (Dkt. No. 80) is DENIED regarding Counts 4-7.

IT IS SO ORDERED this 24th day of August, 2007.


ROBIN J. CAUTHRON
United States District Judge